IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BETTY A. LARUE,

                                                                                            Plaintiff

v.                           Case No. 06-1016

JO ANNE B. BARNHART,
Commissioner of the Social
Security Administration,                          Defendant

## MEMORANDUM OPINION

Plaintiff Betty A. Larue ("Plaintiff") seeks judicial review of the Commissioner's denial of her request for child's insurance benefits as a disabled adult child under Sections 202(d) and 223 of the Social Security Act, as amended. Plaintiff has exhausted all administrative remedies, and therefore, pursuant to 42 U.S.C. § 405(g), judicial review is appropriate. After reviewing the record, the Court **AFFIRMS** the decision of the Commissioner.[1]

## I. Background

The complete facts and arguments are presented in the parties' briefs, and will be duplicated only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record sets forth his findings and it will not be repeated except to the extent necessary to address Plaintiff's arguments.

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

AO72A
(Rev. 8/82)

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive child's benefits on the earnings record of an insured person who is entitled to old-age or disability benefits or who has died, a claimant must show: (1) she is the insured person's child; (2) she is dependent on the insured; (3) she applied; (4) she is unmarried; and (5) she is under age 18; she is 18 years old or older and have a disability that began before

she became 22 years old; or she is 18 years or older and qualifies for benefits as a full-time student. *See* 20 C.F.R. § 404.350(a). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out the five requirements which must be met to qualify for child's insurance benefits as a disabled adult child under Sections 202(d) and 223 of the Social Security Act.

### III. Analysis

Plaintiff alleges one point of error by the ALJ. Specifically, Plaintiff contends the ALJ did not fully and fairly develop the record for appeal. Plaintiff alleges there are dates that were omitted from the record are crucial in the determination of eligibility for child's insurance benefits.

The ALJ's determination was that Plaintiff was not entitled to child's insurance benefits as a disabled adult child of her father, Mr. Fincher, because she was married at the time she applied for benefits. On appeal, the Plaintiff did not dispute that she was married at the time she applied for benefits, but rather argued that she was entitled to benefits because her husband was disabled and receiving disability benefits. (Tr. 4-9, 80-81). The Appeals Council informed the Plaintiff that her marriage to a disability beneficiary would only serve to "not terminate" entitlement to child's insurance benefits. (Tr. 5).

Plaintiff's marriage does not, however, entitle her to benefits. In order to be eligible for benefits, the Plaintiff must have been unmarried when she applied for the benefits. It is undisputed from the record that the Plaintiff was married when she applied for child's insurance benefits and therefore ineligible for such benefits.

Plaintiff further alleges that certain dates are missing from the record which might have proved she could have been entitled to benefits before she was married. This argument is of no avail for even if Plaintiff had been entitled to benefits before she married in 1983, she had not met all the requirements for such benefits as she did not apply for benefits until February 15, 2003. To be eligible for child's insurance benefits, a person is required to apply while unmarried. There is no dispute and it is clear the Plaintiff did not apply for such benefits while she was unmarried. Upon reviewing the record and the ALJ's determination, this Court finds the record was fully and fairly developed to allow a determination to be made as to the Plaintiff's eligibility for child's insurance benefits.

## IV. CONCLUSION

For the foregoing reasons, the decision of the ALJ is supported by the substantial evidence of the record as a whole and is **AFFIRMED**. Plaintiff's case is **DISMISSED WITH**

4

**PREJUDICE.**

    **IT IS SO ORDERED.**

DATE: November 20, 2006

                                   /s/ Robert T. Dawson
                                   HONORABLE ROBERT T. DAWSON
                                   UNITED STATES DISTRICT COURT JUDGE

AO72A
(Rev. 8/82)